**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARLANDIS WESLEY, AKA Superstar A. Wesley, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> G. GREGORIO, Provider & Doctor at 4th Ave. Jail, <br><br> Defendant-Appellee, <br><br> and <br><br> MARICOPA COUNTY SHERIFF'S OFFICE, M.C.S.O.; et al., <br><br> Defendants. | No. 20-15050 <br><br> D.C. No. 2:17-cv-04031-ROS-DMF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted May 18, 2021**

Before:   CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona state prisoner Arlandis Wesley appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging inadequate medical care while he was a pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment because Wesley failed to raise a genuine dispute of material fact as to whether defendant Gregorio's conduct in the course of treating Wesley was objectively unreasonable. *See id.* at 1124-25 (setting forth objective deliberate indifference standard for Fourteenth Amendment inadequate medical care claims brought by pretrial detainees).

The district court did not abuse its discretion by denying Wesley's motion to compel discovery because Wesley failed to meet and confer with Gregorio. *See* Fed. R. Civ. P. 37(a)(1) (motion to compel discovery must include certification that movant has in good faith conferred or attempted to confer with opposing party); D. Ariz. L.R. Civ. 7.2(j) (setting forth meet-and-confer requirement prior to bringing discovery motion); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion by denying Gregorio's motions for appointment of counsel because Gregorio failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting

forth standard of review and "exceptional circumstances" requirement).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**